[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14488
Non-Argument Calendar

_____

D. C. Docket No. 05-00083-CR-T-24MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE CUEVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 12, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jaime Cueva appeals his 97-month sentence for conspiracy to

possess with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), (j), 21 U.S.C. § 960(b)(1)(B)(ii), 18 U.S.C. § 2, and possession with intent to distribute cocaine, in violation of 46 U.S.C. App. § 1903(a), (g), 21 U.S.C. §§ 960(b)(1)(B)(ii), arguing that the district court erred in failing to grant him a minor role reduction pursuant to U.S.S.G. § 3B1.2. He asserts that he was only a crew member of the "go-fast" vessel ("GFV"), from which the United States Coast Guard recovered 1,968 kilograms of cocaine, who possessed no special skills. Further, he had no interest in or control over the cocaine and his knowledge of the scope of the conspiracy was limited.

A sentencing court's determination of a defendant's role in an offense constitutes a factual finding that is reviewed for clear error. *United States v. DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a role reduction. *Id*. at 939. The standards for reviewing the application of the Guidelines before the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), decision apply after *Booker* as well. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). "A sentencing court under *Booker* still must consider the Guidelines, and, such consideration necessarily requires the

2

sentencing court to calculate the Guidelines sentencing range in the same manner as before *Booker*." *Id.* at 1178-79 (citation omitted).

The Guidelines provide for a four-level reduction for a defendant who acts as a minimal participant, a two-level reduction for a minor participant, and a three-level reduction for cases falling in between the minor and minimal level. U.S.S.G. § 3B1.2. A minimal participant is a defendant who is "plainly among the least culpable of those involved in the conduct of [the] group," U.S.S.G. § 3B1.2, comment. (n.4), while a minor participant means any participant "who is less culpable than most other participants, but whose role could not be described as minimal," U.S.S.G. § 3B1.2, comment. (n.5). Moreover, when a defendant is convicted under 21 U.S.C. § 960(b)(1) and he is entitled to a mitigating-role adjustment under U.S.S.G. § 3B1.2, then his base offense level may not be set higher than level 30. U.S.S.G. § 2D1.1(a)(3).

To determine whether a defendant is entitled to a mitigating-role reduction, the district court first must measure the defendant's role in the offense against the relevant conduct for which he has been held accountable. *DeVaron*, 175 F.3d at 940. Next, the court may compare the defendant's culpability to that of other participants in that relevant conduct. *Id*. at 944. The district court may consider other participants in the offense, but "only to the extent that they are identifiable or

discernable from the evidence." *Id.* "The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* In cases where the defendant is a drug courier, relevant factual considerations include, but are not limited to: (1) the amount of drugs involved; (2) the fair market value of the drugs involved; (3) the amount of compensation received by the courier; (4) the courier's equity interest in the drugs, if any; (5) the courier's role in planning the scheme; and (6) the courier's role, or intended role, in the distribution of the drugs. *Id.* at 945.

After reviewing the record, we conclude that the district court correctly found that the relevant conduct for which Cueva was held accountable was the conspiracy to possess with intent to distribute and the possession with intent to distribute 1,968 kilograms of cocaine, a very large amount of drugs. The district court correctly assessed his role in connection with this scheme, and not in connection with any larger conspiracy. The boat was crewed by four men: one captain and three deckhands. Cueva produced no evidence of major drug traffickers or those with an ownership in the drugs, nor were they discernable from the evidence presented by the government. In assessing his role as it relates to the other crew members, though the captain would have a significant role in the vessel's transportation of drugs, Cueva put forth no evidence that the other deckhands were more involved in the venture than he was. Thus he does not

qualify for a minor role reduction. Given these facts, it cannot be said that the district court's finding that Cueva was not entitled to a mitigating-role reduction was clearly erroneous. Accordingly, we affirm Cueva's sentence.

**AFFIRMED.**